IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES ANDERSON,

                        Petitioner,

       v.

DOUG BELLILE, Director,
Sand Ridge Secure Treatment Center,[1]

                      Respondent.

OPINION AND ORDER

16-cv-835-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Charles Anderson has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he challenges his continued confinement at the Sand Ridge Secure Treatment Center in Mauston, Wisconsin under a civil commitment order entered pursuant to the state's sexually violent persons law, Wis. Stat. ch. 980. Petitioner is proceeding pro se and has paid the $5 filing fee, so his petition is ready for screening. Under Rule 4 of the Rules Governing Section 2254 Cases, I must dismiss the petition if it is clear from the petition and any attached exhibits that petitioner is not entitled to relief.

      Although petitioner does not explain plainly what the basis is for his petition, he seems to be challenging the denial of his supervised release plan by the Circuit Court for

---

[1] Although the petition lists the State of Wisconsin as the respondent, I have substituted the official having custody over petitioner, Sand Ridge Director Doug Bellile, as the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Cases.

Portage County because that it is the only issue that he discusses in his petition. Petitioner alleges that on July 23, 2015, the circuit court ordered the state to complete a stipulated release plan for his placement in the community in accordance with § 980.08(f). After searching for a suitable residence for petitioner for 17 months, the state identified a home in Rosholt, Wisconsin and prepared a supervised release plan. At a hearing held on October 31, 2016, the circuit court refused to approve the plan, allegedly because it had received a complaint from a citizen who operates a "utility" across the street. Dkt. #1. Petitioner does not explain what the neighboring property owner complained about, but he claims that the plan did not violate § 980.08's requirement that a sex offender be placed in a residence that is more than 1,500 feet from a school, child care facility, public park, place of worship or youth center.

The state's publically available electronic records show that the circuit court found that petitioner's supervised release plan did "not adequately meet the safety needs of the community" and that the circuit court instructed the state to conduct a statewide search for housing and prepare a new supervised release plan for petitioner. Wisconsin Circuit Court Access, http://wcca.wicourts.gov, Portage County Case Number 2005CI000004, Oct. 31 and Nov. 28, 2016 entries (visited Mar. 21, 2017). Petitioner subsequently filed a motion to declare unconstitutional the residency requirements for sexually violent persons on supervised release contained in 2015 Wisconsin Act 156, which amended various provisions of § 980.08. Id. At a hearing held on January 17, 2017, the circuit court refused to reconsider its denial of the initial supervised release plan and found petitioner's

2

constitutional arguments "moot at this point." Id. A status conference is set in the state case for April 17, 2017. Id. Although petitioner filed a "notice of intent to pursue post-dispositional relief" and the court record states that some records were sent to the state appellate division, there is no record showing that petitioner has filed an appeal of the circuit court's decision. Id.

Petitioner makes the following arguments with respect to the circuit court decision:

1) The circuit court's decision to allow a private citizen to veto the supervised release plan violated petitioner's constitutional right to due process.

2) The circuit court's denial of the supervised release plan was contrary to Olmstead v. L.C., 527 U.S. 581 (1999), in which the Supreme Court held that the Americans with Disabilities Act requires that individuals with mental disabilities have the right to live in the community rather than in institutions if "the State's treatment professionals have determined that community placement is appropriate, the transfer from institutional care to a less restrictive setting is not opposed by the affected individual, and the placement can be reasonably accommodated, taking into account the resources available to the State and the needs of others with mental disabilities."

3) Wisconsin Act 156 is unconstitutional and abrogates federal fair housing standards because it requires sex offenders on supervised release to comply with "virtually impossible housing restrictions" in order to obtain their freedom and access treatment that they are entitled to in the community.

Dkt. #1.

Petitioner's decision to style his petition as one brought under § 2254 appears to be correct because he requests immediate supervised release instead of money damages and he is challenging the fact and duration of his continued confinement at the Sand Ridge Treatment Center. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are

3

the province of habeas corpus; requests for [monetary] relief turning on circumstances of confinement may be presented in a § 1983 action."). Cf. Williams v. Wisconsin, 336 F.3d 576, 579-80 (7th Cir. 2003) ("Attacks on the fact or duration of the confinement come under § 2254. . . . For parolees, the question is more metaphysical, because the 'conditions' of parole are the confinement."); Knowlin v. Thompson, 207 F.3d 907, 909 (7th Cir. 2000) (challenges to parole revocation must be brought in habeas action).

     A petitioner seeking relief in a state habeas petition must first exhaust any remedies he has available in the state courts, including any appeals. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). To exhaust his state remedies, petitioner must fairly present his claims "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014); 28 U.S.C. § 2254(b)(1). Even though petitioner provides few details about his efforts to obtain relief in state court, it is clear from the public court record that he has not yet exhausted his state court remedies with respect to his claims. Petitioner's first round of state-court review has not yet been completed because his petition for supervised release is pending in the Circuit Court for Portage County. Although petitioner seems to have raised some of his claims in the circuit court, he has not received a final ruling on the issue or appealed the denial of the supervised release plan to the state court of appeals or the Wisconsin Supreme Court. Because he has failed to exhaust his state remedies, his petition is premature and will be dismissed without prejudice.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that petitioner has not yet exhausted his state remedies. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. The petition for a writ of habeas corpus filed by Charles Anderson, dkt. #1, is DISMISSED without prejudice for his failure to exhaust his state court remedies. The clerk of court is directed to enter judgment for respondent and close this case.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a

certificate from the court of appeals under Fed. R. App. P. 22.

    Entered this 29th day of March, 2017.

                                  BY THE COURT:

                                  /s/

                                  _____
                                  BARBARA B. CRABB
                                  District Judge