IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES ANDERSON,

                                                 OPINION AND ORDER

        Petitioner,

                                                 16-cv-835-bbc

   v.

DOUG BELLILE, Director,
Sand Ridge Secure Treatment Center,[1]

        Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Petitioner Charles Anderson filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, in which he challenged the state's failure to grant his supervised release plan from the Sand Ridge Secure Treatment Center where he remains in custody under a civil commitment order entered pursuant to Wis. Stat. ch. 980. On March 29, 2017, I dismissed his petition for failure to exhaust his state court remedies because the Circuit Court for Portage County had not yet made a final decision with respect to the proposed plan. Dkt. #2. On June 1, 2017, petitioner filed a motion to reconsider that ruling under Fed. R. Civ. P. 59, contending that I should have considered his argument that the state court has delayed its decision unreasonably and, as a result, is keeping him in custody much longer

---

[1] Although the petition lists the State of Wisconsin as the respondent, I have substituted the official having custody over petitioner, Sand Ridge Director Doug Bellile, as the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Cases.

than necessary. Dkt. #4.

"To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." Blue v. Hartford Life & Accident Insurance Co., 698 F.3d 587, 598 (7th Cir. 2012) (internal quotation and citation omitted). Petitioner relies the first option. However, "[a] manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metropolitan Life Insurance Co., 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation and citation omitted). Petitioner has not met this standard, which means that his motion for reconsideration must be denied.

OPINION

Petitioner argues that he should not be required to exhaust his claim because the decision on his supervised release plan is already past due by 18 months with no resolution in sight. In support of this argument, he cites Zadvydas v. Davis, 533 U.S. 678, 701-02 (2001). However, Zadvydas is not controlling precedent or even instructive in petitioner's case because it involved habeas petitions brought by resident aliens who had been ordered removed but remained in custody of the Immigration and Naturalization Service beyond the statutory 90-day removal period. Id. (determining presumptive limit on post-removal detention of resident alien was six months).

Petitioner also contends that appealing the circuit court's eventual decision would be

futile because Wisconsin courts have ruled that once a circuit court has ordered supervised release, it must order a treatment plan and insure that the defendant is placed on supervised release in accordance with the plan.  He cites the holdings in In re Commitment of Sprosty, 227 Wis. 2d 316, 330, 595 N.W.2d 692, 698 (1999), and In re Commitment of Krueger, 2001 WI App 76 ¶ 65, 242 Wis. 2d 793, 626 N.W.2d 83, for the view that the inadequacy of resources is not a sufficient reason for denying supervised release and that it may be necessary for the court to order the state to create new facilities and services for a sexually violent offender who qualifies for supervised release in the community.  Petitioner believes that it is time for the federal courts to step in because the Department of Health Services has ignored these rulings for many years and the state courts have not done anything about the lack of response.  However, none of the cases cited by petitioner hold that the possibility of lack of success by the state is grounds for excusing the statutory requirement that a petitioner seeking federal habeas corpus relief first exhaust his administrative remedies in state court.

In rare cases, the Court of Appeals for the Seventh Circuit has found that an "[i]nordinate, unjustifiable delay in a state-court collateral proceeding" excused the exhaustion requirement for a habeas petitioner. Jackson v. Duckworth, 112 F.3d 878, 881 (7th Cir. 1997) (citing Lane v. Richards, 957 F.2d 363, 365 (7th Cir. 1992); Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981); Dozie v. Cady, 430 F.2d 637, 638 (7th Cir. 1970)).  However, the delay must have led to substantial injustice to the petitioner. Granberry v. Greer, 481 U.S. 129, 135-36 (1987).  In Jackson, 112 F.3d at 878-79, the

court of appeals suggested that the state's failure to take any action on a post conviction petition for more than five years could provide grounds for excusing the exhaustion requirement, and in Lowe, 663 F.2d at 43, the court of appeals found that a petition for post conviction relief that "had lain dormant for nearly three and one-half years" would be a basis to excuse the exhaustion requirement unless the state could show that the delay was justified. It is not clear whether these cases would apply in petitioner's case because petitioner is waiting for the initial decision by the state court with respect to his supervised release plan, and not for a collateral proceeding challenging an underlying conviction. However, even if an "inordinate and unjustifiable delay" in any state court proceeding could excuse the exhaustion requirement, the record does not support a finding that such a delay has occurred in petitioner's case.

In his petition, petitioner alleged that the circuit court ordered the state to complete a stipulated release plan for his placement in the community on July 23, 2015. After searching for a suitable residence for petitioner for 17 months, the state identified a home in Rosholt, Wisconsin, and prepared a supervised release plan. However, at a hearing held on October 31, 2016, the circuit court refused to approve the plan, allegedly because it had received a complaint from a citizen. Dkt. #1. Public records available electronically show that the court ordered a new release plan on November 28, 2016, and has held regular hearings since that time to hear petitioner's objections and monitor the state's progress. Wisconsin Circuit Court Access, http://wcca.wicourts.gov, Portage County Case Number 2005CI000004 (visited Jul. 19, 2017). On July 17, 2017, the circuit court ordered the

4

Department of Health Services to submit a supervised release plan to the court no later than August 25, 2017 and it set a hearing for September 11, 2017. Id. Therefore, it is clear that the decision on petitioner's supervised release plan has not been "lying dormant" in state court for a period of years. Although petitioner alleges in his motion that the circuit court has denied all of his motions and has not allowed him to speak in court, the circuit court record reveals that petitioner has been represented by counsel and was even allowed to speak directly to the court at a hearing on his motion to declare unconstitutional as applied § 980.08(4)(f)(2) (requiring placement on supervised release not less than 1500 feet from school, child care facility, public park, place of worship or youth center). Id.

In sum, because petitioner has not shown that it was a manifest error of law to dismiss his motion for habeas corpus relief without prejudice for failure to exhaust his state court remedies, his motion for reconsideration will be denied.

ORDER

IT IS ORDERED that petitioner Charles Anderson's motion for reconsideration, dkt. #4, is DENIED.

Entered this 24th day of July, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

5